STATE EX REL. STANGE, RELATOR, *v.* DISTRICT COURT
ET AL., RESPONDENTS.

(No. 5,553.)

(Submitted June 20, 1924. Decided July 1, 1924.)

[227 Pac. 576.]

*Writ of Prohibition — Intoxicating Liquors — Searches and
Seizures—Search-warrant—Improper Issuance — Insufficient
Showing—Suppression of Evidence.*

Intoxicating Liquors — Search-warrant — Showing of Probable Cause Required.
   1.   To obtain a search-warrant under the liquor laws, the facts upon
   which its issuance is sought must be stated under oath and be sufficient to enable the magistrate to whom application is made to determine the existence of probable cause without reference to the
   opinion of the applicant.

Same—Search-warrant—Complaint—Necessary Allegations Refer to Present not Past Conditions.
   2.   *Held,* that the provision of section 11071, Revised Codes of 1921
   as amended by Chapter 116, Laws of 1923, authorizing a justice
   of the peace to issue a search-warrant upon the filing of a verified
   complaint to the effect that the complainant believes that intoxicating liquor is being disposed of contrary to law, relates to a present
   existing condition and not to one which existed months before.

Same—Search-warrant—Complaint—Allegations as to Reputation of Place
and Owner Immaterial.
   3.   The allegations in a complaint for a search-warrant that the place
   sought to be searched had the reputation of a place where liquor was
   being illegally sold, and that its proprietor was reputed to be doing
   the selling *held* immaterial.

Same — Search-warrant — Probable Cause — Belief of Existence must be
Reasonable.
   4.   The circumstances justifying the issuance of a search-warrant
   must be as strong as those which would warrant the institution of
   a criminal charge or the arrest of a person on such charge without
   a warrant, *i. e.,* the belief necessary to constitute probable cause must
   be founded on circumstances which make that belief reasonable.

Same—Search-warrant—Suspicions Insufficient to Warrant Issuance.
   5.   Complaint for a search-warrant and supporting affidavit examined
   and *held* insufficient under the above rules, in that they created no
   more than a suspicion that the liquor law was being violated on the
   premises described, and was therefore insufficient to warrant its
   issuance.

1.   Sufficiency of showing of probable cause for search for intoxicating
liquors, see notes in 3 A. L. R. 1517; 13 A. L. R. 1318; 24 A. L. R. 742.

Same — Illegal  Search-warrant — Seizure  Unauthorized—Suppression of
    Evidence.
    6.  Where defendant charged with the unlawful sale of intoxicating
    liquor two weeks before trial moved to suppress the use of certain
    articles seized under a search-warrant which was void because issued
    upon an insufficient showing of probable cause that an offense against
    the liquor law was being committed upon his premises, thus render-
    ing all subsequent proceedings under it also void, the application was
    timely and the court erred in refusing to grant the motion.

Original application by the State, on the relation of Andrew
Stange, for writ of prohibition against the District Court of
the Fifth Judicial District in and for the County of Madison,
and Lyman H. Bennett, a Judge thereof. Writ granted.

Cause submitted on briefs of Counsel.

*Mr. M. M. Duncan,* for Relator.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A.
Foot,* Assistant Attorney General, for the State.

MR. JUSTICE STARK delivered the opinion of the court.

On May 17, 1924, Edgar P. Reid, county attorney of Madi-
son county, appeared before Richard Peel, a justice of the
peace of Union township in said county, and filed with him a
complaint and affidavit in support of an application for the
issuance of a search-warrant. The material part of the com-
plaint is as follows: "That he [the county attorney] has just
and probable cause to believe, and does believe, that intoxicat-
ing liquor is now unlawfully kept for sale and sold at and
within a certain cabin and premises used therewith known as
the Pigeon cabin or Red Onion, of Twin Bridges, in the county
and state aforesaid; and that the following are the reasons for
his belief, to wit: That said cabin and premises has the reputa-
tion as being a place where whisky is sold; that the proprietor
of said place has the reputation for selling whisky; that affi-
ant has investigated said place and believes that whisky is

6.  Admissibility in evidence against defendant of documents or articles
taken from him, see notes in 59 L. R. A. 465; 8 L. R. A. (n. s.) 762;
34 L. R. A. (n. s.) 58; L. R. A. 1915B, 834; L. R. A. 1916E, 715.

being sold and kept for sale there; that whisky has been seen
and taken from said place within the past four months; that
drunks loiter about said place. Wherefore he prays that a
search-warrant may issue according to law.''

The affidavit filed in connection with the application is as
follows: ''Edgar P. Reid, being first duly sworn, deposes and
says: That he is acquainted with the Pigeon cabin or Red
Onion within the town of Twin Bridges, Madison county,
Montana, and also the proprietor of said cabin; that the cabin
and the proprietor thereof each have the reputation for
handling whisky unlawfully; that drunks resort to and loiter
in and about said cabin; that affiant has seen moonshine whisky
taken out of said cabin in large quantities within the past four
months; that said cabin has also smelled of whisky, and is
known as a booze joint.''

No other statement or deposition was taken before the jus-
tice, and a search-warrant was issued by him upon this com-
plaint and affidavit, under which the cabin described in the
complaint and affidavit was searched and one sixteen ounce
bottle and one gallon jug, each containing a quantity of moon-
shine whisky, and also one whisky glass and one small funnel
were found and seized by the sheriff, and Andrew Stange,
who was in possession of said cabin, was arrested.

The complaint, affidavit and search-warrant, with the sher-
iff's return thereon, were duly certified by the justice of the
peace and filed in the district court. On May 17 the county
attorney also filed a complaint in said justice court charging
said Andrew Stange with unlawfully having intoxicating
liquors in his possession on that date. Stange, having been ar-
rested, was taken before the justice of the peace, waived pre-
liminary examination, and was bound over to the district court
for trial on said charge. Thereafter on May 31 the county
attorney filed an information in the district court charging
Stange with a misdemeanor, to-wit: Unlawfully having intoxi-
cating liquor in his possession on May 17, 1924. On the same
day Stange appeared in the district court and entered a plea

of not guilty to the charge, whereupon the case was set for trial on June 12.

On May 28 Stange made application to the district court by motion to have the evidence secured in the execution of the search-warrant suppressed at the trial of the cause. With this motion, and in support thereof, Stange filed his affidavit, asserting, amongst other things, that the cabin searched on May 17 was his private place of residence, used for no other purpose, and had been occupied by him only since May 1, 1924. This motion was regularly heard on June 2 upon the complaint, affidavit, search-warrant and the sheriff's return thereon, which had been certified up by the justice of the peace, and the affidavit of Stange above referred to. After hearing the motion the court made an order denying the same on June 6.

Thereafter, on June 9, Stange made application to this court for a writ to prohibit the state from using as evidence against him on the trial of the action in the district court the liquor and articles seized under the search-warrant or the facts secured upon the execution of the same. In response to an order to show cause issued by this court the respondents appeared and filed a motion to quash the same, for the reason that the petition upon which it was based does not state facts sufficient to entitle the relator to the relief prayed for.

The sole question presented for consideration is whether the complaint and affidavit filed with the justice of the peace were sufficient to confer jurisdiction upon that officer to issue the search-warrant.

Section 11071, Revised Codes of 1921, as amended by Chapter 116 of the Laws of the Eighteenth Legislative Session, provides that, whenever complaint in writing, verified by affidavit, is made to a justice of the peace, that the complainant has just and probable cause to believe and does believe that intoxicating liquor is manufactured, kept for sale, sold, exchanged, used or disposed of in violation of any laws of this state in any building; with the facts upon which such belief is based, the justice may issue a search-warrant directed to a peace officer,

commanding him to search the designated premises and to seize the liquors there found, *etc.*

It has been uniformly held by this court that to obtain a [1] search-warrant, the facts upon which the same is issued must be stated under oath and be sufficient to enable the magistrate to whom application is made to determine the existence of probable cause without reference to the opinion of the applicant. (*State ex rel. Samlin* v. *District Court*, 59 Mont. 600, 198 Pac. 362; *State ex rel. Thibodeau* v. *District Court*, 70 Mont. 202, 224 Pac. 866.)

Under the provisions of section 12397 the magistrate is required, before issuing a search-warrant, to examine the complainant and such witnesses as he may produce, on oath, and take their depositions in writing, and cause them to be subscribed by the parties making them. The justice of the peace in the instant case did not do this, but seems to have accepted the affidavit filed by the county attorney as the deposition referred to in section 12397. Since the propriety of so considering it is not questioned, we shall treat the affidavit as a deposition in our consideration of the case.

It is to be noted that the condition referred to in the statute [2] relates to a present existing condition,—that is, that at the time the complaint is made intoxicating liquor is being manufactured, kept for sale, sold, exchanged, *etc.*

If we accept all the statements of fact contained in both the complaint and its supporting affidavit as being true, the only existing facts disclosed thereby were: (1) That the cabin and premises described in the complaint and affidavit had the reputation of being a place where whisky was sold; (2) that the proprietor of said place had the reputation for selling whisky; (3) that drunks loitered in and about said place; and (4) that said cabin was known as a booze joint. The statements in the complaint and affidavit to the effect that the complainant or affiant had seen moonshine whisky taken out of said cabin in large quantities within the past four months, and that said cabin had also smelled of whisky, do not refer to conditions

71 Mont.—9

then existing but to such as may have existed in the past. These are important considerations when it is borne in mind that by the uncontradicted statements of relator's affidavit, which was before the court on the motion to suppress the testimony, he had occupied the premises in question for a period of only seventeen days at the time of the search. Both statements are indefinite as to time; the first would be true if the liquor had been taken from the cabin three months and twenty-nine days before the making of the affidavit and complaint, while the latter might apply to an indefinite time in the past. Neither statement is tied down to a condition of fact existing at the time of making the affidavit and complaint or to any time prior thereto during relator's occupancy of the premises. The [3] statements first above referred to relate only to the reputation of the cabin in question and its proprietor. If such reputation were a material matter in this proceeding—which it is not—only the general reputation of the cabin and the proprietor could be considered in any event.

Were all these statements, taken together, sufficient to warrant the justice of the peace in determining that there was [4] probable cause for believing that on the seventeenth day of May, 1924, intoxicating liquor was being kept for sale and sold within the cabin mentioned? No definition of the probable cause which would justify the issuance of a search-warrant can be formulated which would cover every state of facts which might arise. It is safe to say, however, that the circumstances justifying its issuance. must be as strong as those which would warrant the institution of a criminal charge or the arrest of a person on such a charge without a warrant. Many definitions of the term are given in *State ex rel. Neville* v., *Mullen,* 63 Mont. 50, 207 Pac. 634. None of them, however, go further than to hold that the belief necessary to constitute probable cause must be founded on circumstances which make that belief reasonable.

Giving full effect to all of the facts and circumstances [5] detailed in the complaint and affidavit in this case, it

seems to us to create nothing more than a suspicion that the liquor laws may have been violated in the cabin in question at the time alleged. The facts disclosed in *State ex rel. Thibodeau* v. *District Court, supra,* were every bit as favorable to the state's contention as those involved here, and we held them insufficient to justify the issuance of a search-warrant.

For the foregoing reasons it is our opinion that the · complaint and supporting affidavit were not sufficient to authorize [6] the justice of the peace to issue a search-warrant, and that all proceedings taken under the same were and are void. The proceeding leading thereto being void, the search-warrant was unauthorized and illegal. Therefore neither the articles seized nor the evidence of the possession thereof could be used against the defendant where timely application was made to suppress such evidence. It is not questioned but that the relator's application to suppress this testimony was seasonably made in the district court, and the application should have been sustained.

It is therefore ordered that a writ issue prohibiting the use, as evidence, of the liquor and other articles seized under the search-warrant issued by the justice of the peace on May 17, 1924, as well as evidence of the possession thereof so acquired.

*Writ issued.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY and GALEN concur.

MR. JUSTICE COOPER, being absent, did not hear the argument and takes no part in the above decision.