Application of Peter TRIPODI, Petitioner,

v.

The Honorable Robert M. MORGEN-
THAU, United States Attorney, South-
ern District of New York, and Rudolph
Deutsch, Special Agent of the Internal
Revenue Service, Intelligence Division,
United States Treasury Department,
Respondents, for an order pursuant to
Rule 41(e) of the Rules of Criminal
Procedure.

United States District Court
S. D. New York.
Nov. 13, 1962.

William T. Griffin, New York City, for
petitioner.

Robert M. Morgenthau, U. S. Atty., for
the Southern District of New York, at-
torney for Respondents. James B. White,
Asst. U. S. Atty., of counsel.

METZNER, District Judge.

Petitioner is the owner and was in con-
trol of the premises at 438 South Fifth
Avenue, Mt. Vernon, New York. He has
moved pursuant to Fed.R.Crim.P. 41(e)
for the return to him and the suppres-
sion as evidence against him of certain
property seized at the premises.

On May 8th, 1962 a search warrant
for the premises was issued by the Com-
missioner based upon an affidavit execut-
ed by a Special Agent of the Internal
Revenue Service. That affidavit stated
that the agent had reason to believe that
there was concealed on the premises gam-
bling paraphernalia "including, but not
limited to, policy slips, horse-racing slips,
scratch sheets, and money, which are de-
signed and intended for use as a means of
committing a criminal offense, to wit, the
business of accepting wagers and receiv-
ing wagers in violation of Title 26, Unit-

ed States Code, Sections 4401, 4411, 4412 and 7272." [1]

The affidavit then concludes with the statement that the facts tending to establish the grounds for issuance of the warrant were "oral statements made to your deponent and investigations made by your deponent during the course of his official duties, including personal observations of gambling paraphernalia in the premises."

Petitioner claims that the warrant is invalid because of deficiencies in the supporting affidavit. The claimed deficiencies are the absence of a specific allegation that the special tax as provided by section 4411 had not been paid, and the absence of a specific allegation of a failure to register as provided by section 4412. Further, it is claimed that the facts stated in the affidavit to show probable cause are insufficient because references to investigations made by the deponent, without more, are meaningless, as are references to oral statements of others, without more. It is claimed that the substance of these investigations and oral statements should be set forth, including a statement that the official records reveal the failure to pay the tax and to register. Finally, the petitioner claims that reference to "gambling paraphernalia" without further details is insufficient.

In Giordenello v. United States, 357 U. S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958), the complaint upon which the warrant of arrest was issued stated:

" 'The undersigned complainant * * being duly sworn states: That on or about January 26, 1956, at Houston, Texas in the Southern District of Texas, Veto Giordenello did receive, conceal, etc., narcotic drugs, to-wit: heroin hydrochloride with knowledge of unlawful importation; in violation of Section 174, Title 21, United States Code.' " 357 U.S. at 481, 78 S.Ct. at 1247.

The sufficiency of the warrant was attacked on two grounds, the first being that the complaining officer relied exclusively upon hearsay information, and the second being that the complaint recited no more than the elements of the crime charged. The Court pointed out that the language of the Fourth Amendment requiring a showing of probable cause, applies to arrest as well as search warrants.

The Court said that the purpose of the complaint is to enable the Commissioner to determine the existence of probable cause, and he must judge for himself the persuasiveness of the facts as they appear on the fact of the complaint. He should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime. The Court left open the question whether a warrant may be issued on hearsay information. However, the complaint was held to be insufficient since it contained no affirmative allegation that the affiant spoke with personal knowledge of the matters alleged. The complaint did not indicate any sources for the deponent's belief and did not set forth any other sufficient basis upon which a finding of probable cause could be made.

In DiBella v. United States, 284 F.2d 897 (2d Cir.1960), vacated with instructions to dismiss the appeal, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), the complaint requesting the arrest of the petitioner stated:

"That upon information and belief, the defendants, Mario DiBella and Samuel Panzarella, did on September 10, 1958, at Jackson Heights,

---

1. Section 4401 imposes on persons engaged in accepting wagers a 10% excise tax on the amount of the wagers.

Section 4411 imposes a special tax of $50 on persons who accept wagers.

Section 4412 requires that persons subject to the special tax of $50 must register with the Internal Revenue Service.

Section 7262 provides that anyone who violates § 4411 is subject to a fine of not less than $1,000 and not more than $5,000.

Section 7272 provides that whoever violates § 4412 is subject to a penalty of $50.

Long Island, New York * * * unlawfully sell, dispense and distribute a narcotic drug, to-wit: approximately one ounce of heroin hydrochloride, a derivative of opium, which said heroin hydrochloride was not in or from an original package bearing tax stamps required by law * * *.

" 'That the source of your deponent's information and the grounds for his belief are your deponent's personal observations in this case, the statements of Samuel Panzarella, and other witnesses in this case, and the reports and records of the Bureau of Narcotics.' " 284 F.2d at 898.

The court held that the complaint was deficient in not setting forth the sources of the information or the grounds for the belief of the affiant. In referring to the "basis" of the affiant's belief, the court said:

"Such a shotgun, all-encompassing enumeration is no better than none at all. There is no indication of what he had personally observed, what he had heard from others or what he learned from the reports and records of the Bureau of Narcotics. * * * The complaint is no better than that in Giordenello v. United States, and the warrant is invalid for the same reasons." 284 F.2d at 900.

In United States v. Interbartolo, 192 F.Supp. 587 (D.Mass.1961), the complaint stated that Richard Roe was engaged in the business of accepting wagers as defined in 26 U.S.C. § 4421 and receiving wagers for or on behalf of a person liable for the tax on wagers imposed by 26 U.S.C. § 4401, having failed to pay the occupational tax required by 26 U.S.C. § 4411, owing for the year ending June 30th, 1960; in violation of 26 U.S.C. § 7203. The complaint went on to state, " 'The above statements are made upon the personal knowledge of the undersigned.' " 192 F.Supp. at 590.

The court said that while the complaint set forth the essential facts constituting the offense charged it did not set forth facts showing that there was probable cause to believe that the offense charged had been committed and that the defendant had committed it. The court, relying on the Giordenello case, supra, held that an adequate basis for a finding of probable cause has to appear on the fact of the complaint.

In Rubicco v. Williams, Civ. 118–279, S.D.N.Y. September 12, 1958, the court pointed out that a reading of the affidavit submitted in support of the search warrant

"might have been sufficient for the commissioner to have come to the judicial determination of probable cause that there was a violation then existing of the New York State Penal Law against gambling, but nowhere in the affidavit are there any facts stated on the affiant's own knowledge to the effect that a federal crime was then and there being committed."

The government argued that at the very same time that the affidavit for a search warrant was submitted to the Commissioner he had before him a complaint in support of a warrant of arrest for the owner of the premises. The court pointed out that the affidavit nowhere mentioned the premises by address, nor did it identify the person to be arrested within these premises "so that the commissioner would have to be endowed with some clairvoyant powers to associate Edward Rubicco's crime with that of the crimes alleged to have been committed at premises #19 and #21 Greendale Avenue." Furthermore, the court pointed out that the complaint was defective because nowhere did it state "any matters of personal knowledge or facts supporting the affiant's belief with respect to the federal crime. In describing the crime it has the same deficiency as the Supreme Court found in the Giordenello case."

738

Finally, in United States v. Office No. 508 Ricou-Brewster Bldg., 119 F.Supp. 24 (W.D.La.1954), the affidavit in support of a search warrant stated that the deponent had reason to believe that there were being concealed on the premises certain books, records, etc., relating to the business of accepting wagers by a person liable for the payment of the special tax, which had not been paid, in violation of the law. The deponent further stated that the facts to support the issuance of the warrant were obtained by him as a result of personally observing the premises in which he saw a football scoreboard of the type commonly used by persons engaged in accepting wagers, and that he heard conversations relating to football games to be played over the coming weekend, and that he saw a ticker tape machine. The court stated that rule 41 of the Rules of Criminal Procedure provides that "probable cause" must appear within the four corners of the affidavit. The court said:

> "The cardinal consideration is not whether a gambling buisness was being conducted in the establishment, but whether this was being done without the registration and licensing, and without payment of the gambling tax, required by federal law." 119 F.Supp. at 28.

The court held that the affidavit was inadequate because it went only halfway toward the establishment of "probable cause." While a gambling business may have been conducted on the premises, there was a failure to show the essential element that the person or persons operating the business had not registered or paid the tax required by law. Consequently, the motion to suppress was granted.

■■ Applying the principles enunciated in the above cases, it is clear that the affidavit here is insufficient. In the first place, it states that the enumerated property is "designed and intended for use as a means of committing a criminal offense" in violation of sections 4401, 4411, 4412 and 7272. While such property may have been intended for such use, it does not follow that it was being

so used. Secondly, even if it was being used in the business of gambling, the affidavit fails to state that the person so using it had failed to register or pay the tax. This is the essence of the federal crime and could be a simple matter to ascertain by checking the records of the Internal Revenue Service. Thirdly, mere reference to oral statements and investigations, if they are to be relied upon to support the warrant, in addition to the allegation that the deponent had personally observed the gambling paraphernalia, is insufficient without detailing the facts learned from such oral statements and investigations. Finally, the sufficiency of the affidavit must be found within the four corners of the affidavit, and reference may not be made to oral conversations that took place before the Commissioner on a companion and contemporaneous application for a warrant of arrest of another person.

■ The government seeks to sustain the seizure of the property on the basis of a search in conjunction with a valid arrest. For the reasons stated in the companion motion to vacate the warrant of arrest, that warrant is invalid and may not be relied upon by the government.

Motion granted. So ordered.