APPLICATION AND PETITION FOR A WRIT OF HABEAS CORPUS OF
CHARLES ARTHUR GRAY.

No. 11902.
Decided Aug. 6, 1970.
473 P.2d 532.

Charles Arthur Gray, pro se.

PER CURIAM:

Petitioner Charles Arthur Gray appears herein pro se by handwritten petition for writ of habeas corpus. He is presently imprisoned in the Montana state prison under a 12 year sentence following his conviction of grand larceny after jury trial in the district court of Hill County. Petitioner alleges that his imprisonment is unlawful in that his conviction was procured in violation of various rights guaranteed him by the United States Constitution.

By way of background to the instant petition, petitioner was charged by information filed in the district court of Hill County with first degree burglary and grand larceny. These charges generally involved the theft of a coin collection and various articles of jewelry from the Harvey Howard residence in Havre. Following petitioner's plea of ''not guilty'' to both charges, he moved to suppress certain evidence obtained by law enforcement officers in a search of his home and car in Great Falls. This search had been made under authority of a search warrant issued May 10, 1967 by the district court of Cascade County in connection with the burglary of the Rudolph Carney residence there for which petitioner had been arrested.

The evidence secured during this search implicated petitioner in the theft at the Howard residence in Havre. It consisted of 8 plastic bill holders found in the basement of petitioner's home and 199 Canadian silver dollars found in the trunk of petitioner's car.

512

Petitioner's motion to suppress was denied by the district court of Hill County at the commencement of his trial. The 8 plastic bill holders and 199 Canadian dollars were received in evidence at the trial. On December 13, 1967, the jury returned a verdict of "not guilty" of burglary and "guilty" of grand larceny. On December 15, 1967, petitioner was sentenced to 12 years imprisonment in the Montana state prison which he is presently serving.

This Court affirmed petitioner's conviction upon appeal on November 22, 1968. State v. Gray, 152 Mont. 145, 447 P.2d 475. Numerous grounds urged in the instant petition were not raised upon that appeal, primarily those relating to the validity of the search warrant under which the 8 plastic bill holders and the 199 Canadian silver dollars were obtained by law enforcement officers.

Thereafter petitioner filed a petition for writ of habeas corpus in the United States District Court for the District of Montana, Billings Division, containing 17 allegations. Although 7 of those allegations had previously been presented to and ruled upon by the Montana Supreme Court in State v. Gray supra, the remaining 10 allegations had not theretofore been presented to this Court for decision. Accordingly, by Order dated April 16, 1970, the United States District Court denied the petition on the grounds that petitioner had failed to exhaust state remedies as to each allegation presented, pursuant to Title 28, U.S.C. Section 2254.

Subsequently petitioner filed the instant petition in this Court presumably containing the same allegations as those presented to the United States District Court. Petitioner filed a copious "brief" in support of the petition. The allegations contained in the petition and the brief are so inextricably interwoven with other allegations contained in each and in the other that it is extremely difficult to separate and segregate his claims. However, for our purposes here we will confine ourselves to the

allegation concerning the validity of the search warrant, specifically whether there was a sufficient showing of probable cause for the issuance of the search warrant.

The record in the district court of Cascade County relating to the issuance of the search warrant is contained in cause #5624C of that court. It discloses that an information was filed direct in that court on May 8, 1967 against defendant Charles A. Gray, the petitioner herein, charging him with burglary of the Rudolph Carney residence in Great Falls. On the same date a warrant of arrest was issued by the deputy clerk of court. The record is silent concerning the showing made to the district court to obtain leave to file direct other than a statement contained in the charging part of the information "That said deputy county attorney has investigated the facts surrounding the charge and believes the defendant to be guilty." The record is likewise silent as to any showing of probable cause for the issuance of the warrant of arrest. The return on the warrant indicates that Gary Hall, a detective of the Great Falls Police Department, arrested petitioner and lodged him in the Cascade county jail on May 8, 1967.

The record further discloses that on May 10, 1967 a deputy county attorney filed a "Complaint and Affidavit for Search Warrant" with the district court in which he states under oath that he "has actual knowledge and does believe" that specified articles of jewelry, 4 rolls of Franklin 50 cent pieces, 5 wristwatches, and 2 rolls of 5 cent stamps which were stolen from the Rudolph Carney residence in Great Falls on April 14, 1967 are "now upon the property occupied by Mr. & Mrs. Charles A. Gray and located at 4805 Carol Drive, Great Falls, Montana or in the automobile described as follows: a 1960 Buick 4 door, Lic. No. 2-948 Montana owned by Mrs. Charles A. (Louise) Gray." The affidavit goes on to indicate that Mrs. Gray occupies this residence and owns the designated automobile. This is followed by a request for issuance of a search warrant.

514

Additionally a deposition was taken from the deputy county attorney in the presence of the district judge, reduced to writing and signed by the deputy county attorney which reads as follows:

"MR. IWEN: Would it please the Court in the matter of the burglary of the residence of Rudolph Carney, 301 24th St. S.W., Great Falls, Montana that took place on the 14th day of April, 1967, I have filed with this Court my Complaint and Affidavit setting forth certain items of personal property that I believe upon my own knowledge to be located on the following described property:

> 4805 Carol Drive,
> Great Falls, Montana

This property being occupied by Mr. and Mrs. Charles A. Gray. I would also like to search the automobile, to-wit: a 1960 Buick 4-door, Lic. No. 2-948 Montana, which has been in the possession and operated by Charles A. Gray, and we are informed and believe that this auto is owned by Mrs. Charles A. (Louise) Gray.

"THE COURT: As I understand it you want to search the house and the automobile for the purpose of recovering some of the articles taken in the burglary of the Rudolph Carney residence on April 14, 1967

"MR. IWEN: Yes your Honor.

"THE COURT: Your papers seem to be in order. I will grant the warrant.

"WHEREFORE, affiant would request that a search warrant be issued out of the above entitled Court commanding and directing EDWARD FORSLUND, GERALD HALL and GLENN CHAPMAN, Detectives for the Great Falls Police Department, County of Cascade, State of Montana to search the above premises and automobile for said articles.

"DATED this 10th day of May, 1967 at Great Falls, Montana."

On this basis the search warrant was issued. Detectives Hall and Chapman of the Great Falls Police Department executed

the search warrant. Their return discloses that they found none of the articles described in the search warrant, but that they did find and seize 8 plastic dollar bill holders in a trash can in the basement of the residence and 199 Canadian dollars in a Great Falls National Bank bag found in the trunk of the automobile.

Subsequently a hearing was held in the district court in Hill County on petitioner's motion to suppress this evidence. Four witnesses testified at this hearing: Mrs. Gray, petitioner's wife; Detective Hall of the Great Falls police; Detective Chapman of the Great Falls police; and James R. Sinker, a Cascade county deputy sheriff.

The substance of Mrs. Gray's testimony was that she did not consent to the search but permitted it on the basis of the search warrant signed by the judge; that her husband was under arrest and in jail at the time the search was made. She also testified that the automobile belonged both to petitioner and herself. She testified that the officers told her they had found the silver dollars in the trunk of the automobile and she expressed surprise as she thought they were talking about the coins listed in the warrant. According to her, the officers did not mention they had found the plastic bill holders in the house.

Detective Hall testified that he and Detective Chapman arrested petitioner and at the time of arrest found a $20 Hawaiian overprint bill in his wallet but at the time they did not have a list of the items taken from the Howard house in Havre. They received this list two days later after the search warrant had been applied for, but before it had been issued. The plastic bill holders and 199 Canadian dollars were seized by them because he believed them to be items taken from the Howard residence. He testified that he did not believe the deputy county attorney was aware of petitioner's possible implication in the Howard burglary.

Detective Chapman's testimony was similar to that given by Detective Hall except that he could not remember whether he

discussed the Howard burglary with the deputy county attorney when applying for the search warrant.

Deputy Sheriff Sinker's testimony was not germane to the issue of the search warrant:

The foregoing constitutes the entire record relating to the issuance of the search warrant and the showing of probable cause therefor. Following examination of this record and all of the files and documents heretofore described, this Court on July 6, 1970 issued the following order (omitting recital of the files and documents examined):

"And it appearing from the foregoing examination that the sufficiency of the showing of probable cause for the issuance of the search warrant referred to in the instant petition which was issued on May 10, 1967 by the Hon. Paul G. Hatfield, Judge of the district court of the Eighth Judicial District of the state of Montana, in and for the county of Cascade, is of importance to a determination of the issues presented by the instant petitioner;

"And it further appearing that additional facts may appear in connection with the issuance of the search warrant referred to above in the records of the district court of Cascade County and the officers thereof.

"Accordingly, we hereby transfer this petition for writ of habeas corpus by Charles Arthur Gray and supporting papers referred to hereinabove, to the district court of the Eighth Judicial District of the state of Montana, in and for the county of Cascade, for a legal determination of the matter set forth above. Should the district court have additional facts sufficient to establish probable cause for the issuance of the search warrant referred to hereinabove it should supply to this Court the record thereof.

"IT IS THEREFORE ORDERED that the petition be transferred to the district court of the Eighth Judicial District, in and for the county of Cascade, and the Hon. Paul G. Hatfield, district judge for disposition.

''The clerk of this Court, is directed to forward all papers and documents referred to in the first paragraph of this order to the district court of the Eighth Judicial District, in and for the county of Cascade, and the Hon. Paul G. Hatfield, judge thereof.''

On July 23, 1970 the district court of Cascade County filed with this Court a return by the presiding judge indicating that the search warrant had been issued (1) on the basis of the information appearing in the court file and heretofore set out, (2) other information that had been given him in Chambers by the deputy county attorney, Detective Hall and Detective Chapman at the time application for leave to file the information directing charging petitioner with burglary of the Carney residence was made, and (3) the district judge's personal knowledge and information concerning petitioner. Also attached to the return is a joint affidavit of Detectives Hall and Chapman detailing their investigation and information concerning petitioner which they communicated to the district judge at the time they sought issuance of the warrant of arrest, excepting the $20 Hawaiian overprint bill found in petitioner's wallet which fact they communicated to the judge prior to issuance of the search warrant. Numerous photo copies of investigation reports of the Great Falls police department relating to investigation of the burglary of the Carney residence with references to the Howard burglary were likewise appended to the return. We deem it unnecessary to detail the contents of this return more specifically for reasons that will appear hereinafter.

Thereafter petitioner filed a motion to proceed in forma pauperis with the filing of a supplementary brief properly verified together with the brief itself. Leave is granted to proceed accordingly and the brief is ordered filed. The brief is directed at the contents of the return filed by the district court in response to our Order of July 6, 1970 and has been duly considered herein

In the instant petition for habeas corpus, petitioner alleges in substance that the plastic bill holders and 199 Canadian dol-

lars were seized in violation of the "search and seizure" provisions of the Fourth Amendment to the United States Constitution and Art. III, Sec. 7, of the Montana Constitution. He contends that the search warrant was illegally issued because no showing of probable cause was made as therein required. Hence the articles seized were inadmissible in evidence at his trial and his conviction procured by this evidence must be set aside.

The Fourth Amendment to the United States Constitution provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized."

The rights, guarantees, and proscriptions contained therein are applicable to state court criminal proceedings under the "due process" clause of the Fourteenth Amendment to the United States Constitution. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed2d 1081; Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726.

The Fourth Amendment to the Federal Constitution has been construed by the United States Supreme Court to require that affidavits for search warrants state sufficient facts or circumstances to enable an impartial commissioner or issuing magistrate to determine whether probable cause exists. Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159.

Directing our attention to the specifics of the case before us, we observe that the only statements under oath preceding the issuance of the search warrant were contained in the supporting affidavit and deposition of the deputy county attorney. The affidavit simply states that the deputy county attorney "has actual knowledge and does believe" that certain designated articles involved in the burglary of the Carney residence in Great

Falls are now located upon a designated premises and residence occupied by defendant Gray or in a described automobile on that premises. The deposition of the county attorney merely reiterates the contents of his affidavit. Thus in the instant case we must look to the affidavit alone to determine whether it contains sufficient facts or circumstances to establish probable cause for issuance of the search warrant.

Where, as here, the affiant merely states the conclusion that the affiant "has actual knowledge and does believe" that the designated articles involved in the burglary are located on the premises to be searched it is insufficient to establish probable cause. This has long been held true under the Montana Constitution and statutes relating to the issuance of search warrants, facts enabling the magistrate to make a judicial determination of the existence of probable cause being required. State ex rel. Stange v. Dist. Ct., 71 Mont. 125, 227 P. 576; State v. Mullaney, 92 Mont. 553, 16 P.2d 407. Affidavits relied upon for the issuance of search warrants in both federal and state prosecutions must contain sufficient facts to enable an impartial commissioner or magistrate to determine whether probable cause exists under the Fourth Amendment. Foster v. Gilbert (D.C.Fla.), 264 F.Supp. 209. Here no facts whatever are given, only affiant's ultimate conclusions that he has actual knowledge and believes that the designated articles are located upon the premises to be searched.

Nor can the issuance of the search warrant be upheld on the basis of information not contained in the affidavit, the affidavit itself being required to provide the exclusive support for issuance of the search warrant. United States v. Sterling (CCA 3), 369 F.2d 799; Durham v. United States (CCA9), 403 F.2d 190. Neither can a deficiency in the affidavit for a search warrant be supplied by testimony taken in a proceeding subsequent to the search. United States v. LaBerge (D.C.Md.), 267 FSupp. 686, and cases therein cited

In the instant case, the return filed with us indicates that additional information possessed by the detectives was im-

parted to the district judge two days before issuance of the search warrant in connection with an application to file a direct information against defendant charging him with burglary of the Carney residence in Great Falls. This is insufficient to establish probable cause for the issuance of a search warrant. In a similar, although not identical case, it was held that the sufficiency of an affidavit supporting a search warrant must be found within the four corners of the affidavit itself and reference may not be made to oral conversations that took place before the commissioner on a companion and contemporaneous application for a warrant of arrest of another person. Tripodi v. Morgenthau (D.C. N.Y.), 213 F.Supp. 735. We see no reason to reach a contrary result in the instant case particularly, where as here, the conversations were unsworn, unwritten and unsigned.

Based on the foregoing reasons and authorities, we hold that the search warrant was illegally issued and void. As entry to the premises searched was made under void process, the search and seizure of the plastic bill holders and 199 Canadian silver dollars therefrom was illegal, State v. Langan, 151 Mont. 558, 445 P.2d 565, and evidence secured as a result of an illegal search and seizure is not admissible in evidence at the trial of a person charged with a crime in a state court. Mapp v. Ohio, supra.

Is the erroneous admission in evidence of the plastic bill holders and 199 Canadian dollars prejudicial error requiring reversal or is it only harmless error not affecting the merits involved? An error in admitting plainly relevant evidence which possibly influenced the jury adversely to defendant cannot be considered harmless error. Chapman v. Califormnia, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. The plastic bill holders and Canadian dollars found on defendant's premises tied him in with the theft of the coin collection from the Howard residence in Havre. To say that this evidence could not have possibly influenced the jury adversely to him is preposterous.

Prejudicial error having been committed in admitting in evidence at defendant's trial the fruits of an unlawful search and seizure, the judgment of conviction of defendant Charles Arthur Gray of grand larceny in the district court of Hill County on December 15, 1967 in cause #2450 of that court is vacated, set aside and a new trial ordered. Said cause is ordered returned to the district court of Hill County for further proceedings in accordance herewith.