NO.   94-319

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

Plaintiff and Respondent,

v.

HARVEY D. LOTT,

Defendant and Appellant.

FILED

AUG 0 1 1995

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fifth Judicial District,
In and for the County of Beaverhead,
The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Douglas J. DiRe, Knight, Dahood, McLean,
Everett & Dayton, Anaconda, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General,
Barbara C. Harris, Assistant Attorney
General, Helena, Montana

Thomas R. Scott, Beaverhead County Attorney,
Calvin Erb, Deputy County Attorney,
Dillon, Montana

Submitted on Briefs:   April 27, 1995

Decided:   August 1, 1995

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Harvey D. Lott appeals from his conviction of possession of dangerous drugs and possession of drug paraphernalia in the District Court for the Fifth Judicial District, Beaverhead County.

We reverse.

The sole issue on appeal is:

Did the District Court err when it denied appellant's motion to suppress evidence?

In September 1993, the Department of Narcotics Task Force in Arizona contacted the Beaverhead County Sheriff's Office. It informed them that a package containing marijuana was recovered in a random audit by United Parcel Service in Tucson, Arizona, and that the recovered package was addressed to appellant at his home address in Dillon, Montana.

The Beaverhead County Sheriff's Office decided to set up a "controlled drop," or delivery of the package by an undercover officer to appellant's home address. Before the controlled drop, the Sheriff's Office obtained search warrants for appellant's home and for his three vehicles.

Appellant was at work when the package was delivered to his home. At appellant's request, one of his co-workers went to his home, picked up the package, and delivered it to him while he was at work. Beaverhead County law enforcement officers watched this scenario unfold.

The affidavit in support of the request for leave to file an information states:

> That Harvey D. Lott then unwrapped the package and placed the contents in his coat and proceeded to leave the area. A short time later Harvey D. Lott was stopped by Deputy Sheriff Jay T. Hansen and other law enforcement personnel. In the truck owned and driven by Harvey D. Lott, the marijuana was in a coat and placed in between the seats of this motor vehicle.

An affidavit in support of a subsequent application for a warrant to search appellant's storage shed provides more detail:

> [The co-worker] delivered the package to Harvey D. Lott at the State Lands Office in Dillon, Montana, and Harvey D. Lott acknowledged receipt of the package.
>
> Later, on [the same day], Harvey D. Lott was observed leaving the State Lands Office with the United Parcel Service package in his possession. Harvey D. Lott was observed throwing items into or around the dumpster in the back of the State Lands Office. Harvey D. Lott entered his vehicle and left the parking area of State Lands. Harvey D. Lott left in a 1991 Ford pickup truck, license place number 18T-924C. At that **time a** stop of Harvey D. Lott's vehicle was effectuated by law enforcement and Harvey D. Lott was placed under arrest for suspicion of possession of dangerous drugs. An examination of the dumpster behind the State Lands Office revealed that the box in which the marijuana was shipped had been discarded in the dumpster. A subsequent search of the 1991 Ford pickup truck owned and occupied by Harvey D. Lott revealed the marijuana wrapped in a coat and placed between the seats in the motor vehicle.

A search of appellant's home netted a set of grow lights, a scale, a sandwich baggie, two additional containers of marijuana, marijuana seeds, rolling papers, a knife with marijuana or hashish residue, a $20 bill rolled to form a straw, and a homemade marijuana or hashish pipe. Appellant was charged with two counts of possession of dangerous drugs with intent to sell, misdemeanor

3

possession of dangerous drugs, and possession of drug paraphernalia.

Appellant moved to suppress evidence of the marijuana seized from his truck, arguing that the State failed to establish probable cause to search the truck and that the search warrant was, therefore, invalid. The District Court denied the motion ruling that the search warrant was valid and that the search of the truck was also justified under the automobile exception to the warrant requirement. Pursuant to a plea agreement, appellant pled guilty to the charges against him.

ISSUE

Did the District Court err when it denied appellant's motion to suppress evidence?

We review a district court's ruling on a motion to suppress to determine whether there is substantial credible evidence to support the court's findings of fact and whether the court correctly applied the findings as a matter of law. State v. Stubbs (Mont. 1995), 892 P.2d 547, 550, 52 St. Rep. 232, 233. In addition, we determine whether the district court's interpretation of the law was correct. Stubbs, 892 P.2d at 550.

A search of a place may be made, and contraband may be seized, when the search is made either by the authority of a valid warrant or in accordance with a judicially recognized exception to the warrant requirement. Section 46-5-101, MCA. The District Court

4

denied appellant's motion to suppress the contraband seized from his truck after concluding that the search warrant was valid.

A warrant is valid if the application in support thereof: (1) states sufficient facts to support probable cause to believe that an offense has been committed; (2) states sufficient facts to support probable cause to believe that contraband connected with the offense may be found; (3) describes with particularity the place to be searched; and (4) describes with particularity what is to be seized. Section 46-5-221, MCA.

In the present case, the affidavit supporting the application for a search warrant recites background data regarding what transpired in Arizona, how the marijuana was being sent to Montana, and how it would be delivered to appellant's home via a "controlled drop." Concerning the truck, the affidavit states:

> That Affiant is further informed and believes that the said Harvey D. Lott owns three (3) vehicles that may be used in the distribution of a controlled substance. Said vehicles are described as a 1962 Ford pickup truck, white in color . . a 1980 Yamaha motorcycle, black in color . . and a 1991 Ford pickup truck, silver in color.

Appellant argues that the affidavit in support of the application for a warrant to search his truck does not state facts sufficient to justify a conclusion that evidence or contraband would probably be found in the truck.

The affidavit in support of the application for a warrant to search appellant's truck states that the marijuana was being delivered to appellant's home. The only discussion of the truck is the conclusory statement that appellant's three vehicles "may be

used in the distribution of a controlled substance." No facts are set forth supporting that particular conclusion.

"A mere affirmance of belief or suspicion by a police officer, absent any underlying facts or circumstances, does not establish probable cause for the issuance of a search warrant." State v. Isom (1982), 196 Mont. 330, 343, 641 P.2d 417, 424. Here, the affiant's statement that appellant's vehicles "may be used" to distribute drugs is unsupported by any underlying facts or circumstances. The affidavit did not provide a substantial basis for concluding that probable cause existed to search the truck. Consequently, we hold that the search warrant was invalid as to the truck.

The District Court concluded further that independent of the validity of the warrant, the stop and search of appellant's truck was permissible under the automobile exception to the warrant requirement. We disagree.

Under the automobile exception to the warrant requirement, the police may search an automobile without a warrant if the search is supported by probable cause and there is the presence of exigent circumstances. State v. McCarthy (1993), 258 Mont. 51, 56-57, 852 P.2d 111, 114. In Montana, exigent circumstances include the mobility of the vehicle, the possible destruction of the evidence, the safety of police officers, emergency situations, and the potential gravity of the crime committed. McCarthy, 852 P.2d at 114. The record shows that appellant was observed opening a box,

throwing the box into a dumpster, and entering a building with the contents of the box. A short time later he left the building, entered his truck, and drove away. Appellant was never observed placing anything in his truck before he drove away. Nothing in the actions of appellant warranted a search based on probable cause. Similarly, there existed none of the recognized exigent circumstances that would allow a warrantless search of appellant's vehicle.

We hold that the District Court erred when it denied appellant's motion to suppress evidence.

For the reasons set forth above, we reverse.

_William E. Hunter_
Justice

We concur:

_Karla M. Gray_
Chief Justice

_Terry Trieweiler_

_W. William Leaphart_

Justices

Chief Justice Turnage, dissenting.

I respectfully dissent from the conclusion of the majority that the search of Lott's truck was not justified under the automobile exception to the warrant requirement.

This Court has held that the automobile exception to the warrant requirement demands two things: (1) the existence of probable cause to search; and (2) the presence of exigent circumstances making it impracticable to obtain a warrant. State v. Allen (1992), 256 Mont. 47, 51, 844 P.2d 105, 108. Probable cause requires only a probability of criminal activity, not a prima facie showing. State v. Dess (1982), 201 Mont. 456, 465, 655 P.2d 149, 154. In determining whether exigent circumstances are present, all circumstances are relevant. As the majority has noted, "[p]olice may need to consider not just the mobility of the vehicle, but the possible destruction of evidence, the safety of police officers, emergency situations, and the possible gravity of the crime committed." State v. McCarthy (1993), 258 Mont. 51, 57-58, 852 P.2d 111, 115.

In this case, the officers knew that a package containing fourteen ounces of marijuana had been delivered to Lott's residence. When they stopped and searched Lott's truck, they had important additional information, as well. They knew that Lott had asked a co-worker to pick up the package from his residence and deliver it to him at work at the State Lands office. They knew that Lott received the package. They knew he thereafter went outside the State Lands office, opened the package and took out the

8

cellophane-wrapped marijuana. They knew that Lott then got into his truck and drove away.

From the above facts, I conclude that the Beaverhead County law enforcement officers had probable cause to believe that Lott's truck contained contraband. Further, it would have been easy for Lott to flee with or dispose of the contraband. I conclude that exigent circumstances were present in which there was a real danger of loss or destruction of evidence. I would hold that, under these circumstances, a warrantless search of Lott's truck was justified, and that the District Court did not err in denying the motion to suppress the marijuana seized as a result of that search.

/s/ J. A. Turnage
Chief Justice

Justice Fred J. Weber joins in the foregoing dissent of Chief Justice J.A. Turnage.

/s/
Justice

Justice James C. Nelson joins in the foregoing dissent of Chief Justice J. A. Turnage.

/s/
Justice