JUSTICE HARRISON
delivered the Opinion of the Court.
Defendant and appellant, John Deskins, was charged in the District Court of the Fourth Judicial District, Missoula County, on June 23, 1989, with the offense of criminal possession of dangerous drugs with intent to sell. He appeals the denial of his motion to suppress the results of a search by Missoula City Police pursuant to a May 25, 1989 search warrant issued by District Court Judge Jack L. Green. We affirm.
The only issue before this Court is whether the District Court erred in failing to grant the appellant’s motion to suppress.
On May 23, 1989, Missoula City Police Officer Vincent Sparacino received a Crimestoppers’ report from an anonymous caller. The caller stated that he had been taken into the basement of a greenhouse located at 600 or 602 South Avenue East in Missoula, and had been shown a marijuana growing operation. Officer Sparacino arranged to have the caller contact the Narcotics Unit the next day. The following day, May 24, 1989, Missoula Police Detective Rocky Harris received a Crimestoppers’ report regarding the same marijuana growing operation. The caller identified himself as the same caller who had talked to Officer Sparacino the previous day.
As a result, Detective Harris contacted the county assessor’s office and verified that the owners of the property on South Avenue East were John and Nancy Deskins. He also contacted the treasurer’s office to confirm the issuance of the resident license to Nancy Deskins for the operation of a day care facility on the property and to check names of the registered owners of the vehicles parked on the property. The vehicles on the property were registered to Mr. and Mrs. Deskins. When Detective Harris checked with the Montana Power Company to substantiate the registered names for the utility service to the two addresses, the registration revealed the name of John Deskins.
Based upon the knowledge that marijuana cultivation operations often consume a significant amount of electricity, Detective Harris *160 obtained an investigative subpoena to gain access to the records of the electrical consumption at the Deskins’ property. These records for the residential portion of the Deskins’ property (600 South Avenue East) showed the power consumption for the residential half of the duplex as follows:
Interval Kilowatt Hours Consumed
9/26/88- 10/25/88 378 KWH
10/25/88-10/31/88 81 KWH
10/31/88-11/22/88 298 KWH
11/22/88-11/30/88 148 KWH
11/30/88-12/21/88 390 KWH
12/21/88-1/20/89 494 KWH
1/20/89-2/21/89 421 KWH
2/21/89-3/22/89 525 KWH
3/22/89-3/31/89 167 KWH
3/31/89-4/20/89 371 KWH
4/20/89-5/22/89 1567 KWH
Electrical consumption records for the other portion of the property, the day care at 602 South Avenue East, revealed the following:
Interval Kilowatt Hours Consumed
9/26/88- 10/25/88 931 KWH
10/25/88- 10/31/88 176 KWH
10/31/88- 11/22/88 645 KWH
11/22/88- 11/30/88 300 KWH
11/30/88- 12/21/88 787 KWH
12/21/88- 1/20/89 364 KWH
1/20/89- 2/21/89 1442 KWH
2/21/89- 3/22/89 1035 KWH
3/22/89- 3/31/89 276 KWH
3/31/89- 4/20/89 612 KWH
4/20/89- 5/22/89 901 KWH
Detective Harris, who has had extensive training in narcotics investigations and knowledge pertaining to electrical power consumption for average household usage and for a typical marijuana cultivation operation, testified that from his training and experience the Deskins’ electrical consumption records reflected a cyclical use of power that was not explained seasonally. Detective Harris concluded that the Deskins’ electrical consumption records were consistent with the Crimestoppers caller’s observation of the marijuana cultivation *161 operation, and as a result he prepared an application for a search warrant of the property.
On May 25,1989, pursuant to a search warrant issued by District Court Judge Jack L. Green, members of the Missoula Police Department conducted a search of the duplex located at 600 and 602 South Avenue East owned by the appellant and his wife. The search revealed a large quantity of marijuana, 250 marijuana plants, and equipment used in the cultivation of marijuana, namely sodium grow lamps, fans, and scales.
In addition to the marijuana plants and equipment, the following firearms were also taken pursuant to the May 25, 1989, search: a loaded Fox .12 gauge shotgun; an H & K SL .223 rifle with a loaded magazine; a Western Field single shot .22; a Ruger Mini 14 with a loaded magazine; a Wards Western Shotgun, loaded; a Chief Special revolver .38 caliber, loaded; and a Game Getter antique pistol, loaded.
On June 23, 1989, the appellant was charged in Missoula County District Court with the offense of criminal possession of dangerous drugs with intent to sell. On August 23, 1989, the appellant filed a motion to suppress the results of the May 25, 1989, search, alleging insufficient probable cause for the issuance of the search warrant.
The suppression hearing was held August 24,1989. At the suppression hearing, Officer Sparacino’s record of the Crimestoppers’ call of May 23, 1989, was admitted into evidence. In addition, Detective Harris testified at the hearing regarding the substance of his conversation with the Crimestoppers caller. The person called stating he had seen a marijuana growing operation in the residence of Morgan Deskins. The person said that there were two other individuals living there, the father and the mother, John and Nancy Deskins, and that this residence also housed a day care. Furthermore, the person was personally shown this operation.
Detective Harris also testified the caller stated that the marijuana was grown in two-and-one-half or three-month cycles and that the caller had seen growing marijuana plants in the Deskins’ residence a month previously. The caller also told Harris that “there were fluorescent sodium lamps hanging over the plants.”
It should be noted that the search warrant application indicated that the electrical consumption records obtained by Harris were presented to the reviewing judge in conjunction with the actual application. However, at the time of the hearing on the motion to suppress, no such records were present with the search warrant *162 application in the District Court’s file. While the appellant alleges that the reviewing judge had only the “conclusive allegations” of the applicants with respect to the information conveyed by the foregoing records, this is contradicted by the fact that the application contained a synopsis of the electrical records.
Following the denial of the motion to suppress the evidence seized, the appellant entered a plea of guilty to the offense, and the matter is now presented to us on the question of the validity of the search.
The appellant in his argument notes that under the provisions of § 46-13-302(4), MCA, the burden of proving the illegality of a search and seizure is upon a defendant. State v. Baldwin (Mont. 1990), 789 P.2d 1215, 1220, 47 St.Rep. 614, 620. In Baldwin, this Court held that there is a presumption that a magistrate properly issued the search warrant after subjecting the application to the totality of the circumstances test set forth in Illinois v. Gates (1983), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527.
We have previously held in State v. District Court of the Eighth Judicial District (1978), 176 Mont. 257, 264, 577 P.2d 849, 859 and State v. Lane (1977), 175 Mont. 225, 236, 573 P.2d 198, 202, that a judicial decision granting a search warrant is presumed correct on appeal.
In addition, in State v. Hembd (1989), 235 Mont. 361, 767 P.2d 864, this Court held that “[t]he reviewing court’s examination is limited to whether the magistrate had a substantial basis for concluding probable cause existed.” Hembd, 235 Mont. at 366, 767 P.2d at 868. We have noted that the determination of probable cause is entitled to “great deference” from a reviewing court. Sundberg, 235 Mont. 115 at 123, 765 P.2d 736 at 741.
The probable cause requirement sufficiently establishes a probability rather than a prima facie case “that incriminating items, namely items reasonably believed to be connected with criminal behavior, are located on the property to which entry is sought.” Sundberg, 235 Mont. at 119, 765 P.2d at 739. “That probability will be determined using a totality of the circumstances analysis, based upon the circumstances set forth in the affidavit.” Hembd, 235 Mont. at 366, 767 P.2d at 867 (Citation omitted). Following Illinois v. Gates, this Court has held that information in the form of an anonymous tip from an informant whose reliability is established by independent corroboration may serve to establish probable cause.
*163 “We note in passing, however, that the use of anonymous tips as an element in obtaining a search warrant has been sustained by the United States Supreme Court in Illinois v. Gates (1983), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed. 2d 527, and by the Montana Supreme Court in State v. Kelly (1983), [205 Mont. 417,] 668 P.2d 1032, 40 St.Rep. 1400, where other corroborating evidence is shown.”
State v. Cain (1986), 220 Mont. 509, 515, 717 P.2d 15, 19.
In the present case, the search warrant application recites the informant’s statement that he had been in the appellant’s basement one month previously at the invitation of the appellant’s son and personally observed growing marijuana plants. Personal observation of criminal activity by an informant whose reliability can be established provides probable cause. State v. Walston (1989), 236 Mont. 218, 222-23, 768 P.2d 1387, 1390.
We find that, clearly, there was a substantial basis for the District Court’s conclusion that probable cause was “readily ascertainable.”
The appellant attempts to undermine the showing of probable cause by citing a number of so-called inconsistencies in the evidence. First, the appellant alleges that the State has a burden to inform the reviewing magistrate of any criminal history on the part of the suspect when applying for a search warrant, and because he had no criminal history, the State fell short of its burden when applying for the search warrant. However, appellant cites no authority for the proposition.
Secondly, appellant cites an alleged inconsistency in the informant’s tip. The search warrant application stated the informant had been on the Deskins’ property thirty days before he contacted the law enforcement authorities. The testimony of Officer Sparacino indicated the informant had been on the premises “a couple of days earlier.” The appellant now points to this discrepancy as error. The State explains the inconsistency as merely a lack of recollection. Because Officer Sparacino did not, at the time of the informant’s call, document the date and time when the informant claimed to have been on the Deskins’ property, Officer Sparacino had no record of that date to refer to when testifying three months later. We find this alleged inconsistency without merit.
We find, after carefully considering the case authority in this matter, that the arguments of the appellant are without merit and the judgment of the District Court is affirmed.
*164 CHIEF JUSTICE TURNAGE and JUSTICES BARZ and WEBER concur.