DA 07-0289

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 25

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

THE FORFEITURE OF: 2003 CHEVROLET PICKUP,
BLUE IN COLOR, MT. LICENSE AFH-845
VIN/2GCEK19N731269822,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Dawson, Cause No. DV 06-29
Honorable Richard A. Simonton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          J. B. Wheatcroft, Attorney at Law, Miles City, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Sheri K. Sprigg, Assistant
Attorney General, Helena, Montana

          Scott W. Herring, Dawson County Attorney; Marvin Howe, Deputy County
Attorney, Glendive, Montana

                      Submitted on Briefs: March 12, 2008

                                 Decided: February 3, 2009

Filed:

          _____
                      Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 James Warner owned the 2003 Chevrolet Pickup (Pickup) in question. Warner was arrested and convicted of possession of dangerous drugs with the intent to distribute. The State petitioned for forfeiture of the Pickup and after a hearing, the District Court issued an order granting the Petition for Forfeiture. Warner appealed. We affirm.

¶2 Warner does not appeal the District Court finding that the Pickup was subject to seizure and forfeiture under § 44-12-102(1)(d), MCA, as a vehicle used to facilitate the commission of a crime involving dangerous drugs. The sole issue he presents on appeal is whether the forfeiture of his Pickup constitutes an excessive fine in violation of the Eighth Amendment to the United States Constitution.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 On March 7, 2006, Warner arrived at the UPS store in Glendive, Montana, to pick up a package that had been sent to him from Arizona. Before Warner arrived, the package was deemed suspicious, and found to contain methamphetamine upon being opened. Law enforcement repacked the methamphetamine before Warner arrived. Warner arrived at the UPS store in the Pickup, which he had purchased with a part of the recovery in a lawsuit. Police arrested Warner in the parking lot after he retrieved the package. The police seized the Pickup following Warner's arrest. Warner pled guilty to criminal possession of dangerous drugs with intent to distribute and was sentenced.

¶4 Acting pursuant to §§ 44-12-101 through -104, MCA, which provide that drug related property may be seized, the State petitioned for forfeiture of the Pickup and served Warner. Warner responded, claiming the forfeiture was unconstitutional as an excessive fine under

2

the Eighth Amendment to the United States Constitution. At the subsequent hearing Warner and his girlfriend/co-defendant Elise Whitney testified as to the hardships caused by the lack of the Pickup. The District Court entered an order granting the Petition for Forfeiture. Warner subsequently filed this appeal.

## STANDARD OF REVIEW

¶5 The question of whether a fine is constitutionally excessive calls for the application of a constitutional standard to the facts of a particular case, and in this context de novo review of that question is appropriate. *Ornelas v. United States,* 517 U.S. 690, 697, 116 S. Ct. 1657, 1662 (1996); *United States v. Bajakajian*, 524 U.S. 321, 337, 118 S. Ct. 2028, 2038 (1998).

## DISCUSSION

¶6 *Did the forfeiture of Warner's Pickup constitute an excessive fine in violation of the Eighth Amendment to the United States Constitution?*

¶7 Warner bases his argument solely on the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. Unlike the defendant in *State v. Good*, 2004 MT 296, 323 Mont. 378, 100 P.3d 644, Warner does not argue that the forfeiture of his Pickup is in violation of Article II, Section 22, of the Montana Constitution, Montana's excessive fines constitutional provision, nor does he even cite the Montana Constitution in his briefs.

¶8 The United States Supreme Court has not applied the Excessive Fines Clause of the Eighth Amendment to the states. *Good*, ¶ 20; *See Browning-Ferris Indus. of VT v. Kelco Disposal, Inc.,* 492 U.S. 257, 276 n. 22, 109 S. Ct. 2909, 2920 n. 22 (1989). Thus, even though the Eighth Amendment to the United States Constitution and Article II, Section 22, of

3

the Montana Constitution are virtually identical, what Warner asks this Court to do is hold that the Eighth Amendment to the federal constitution is applicable to Montana, when the federal courts have not done so. We decline this invitation.

¶9 Addressing a constitutional challenge to restitution only under Article II, Section 22, of the Montana Constitution, we held in *Good* that a restitution award would violate Montana's Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense. *Good*, ¶ 23 (citing *Bajakajian*, 524 U.S. at 334, 118 S. Ct. at 2036). Were the same test applied to Warner's constitutional challenge to a forfeiture brought under the Montana Constitution, which we decline to do in this case, we would have a difficult time holding that the District Court abused its discretion in ordering the forfeiture of a 2003 Chevrolet Pickup which facilitated the scourge of methamphetamine.

¶10 As Warner's argument under the United States Constitution is not applicable we affirm the judgment of the District Court.

/S/ JOHN WARNER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS