FILED

04/28/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0192

DA 18-0192

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 103N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

SHELDON GRANDCHAMP,

Defendant and Appellant.

APPEAL FROM:     District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 17-63B
Honorable Rienne McElyea, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Appellate Defender, Kristen L. Peterson, Alexander H. Pyle,
Assistant Appellate Defenders, Helena, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Michael P. Dougherty,
Assistant Attorney General, Helena, Montana

Martin D. Lambert, Gallatin County Attorney, Bozeman, Montana

Submitted on Briefs:  November 13, 2019

Decided:  April 28, 2020

Filed:

_____
Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion—it shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Sheldon Grandchamp appeals the judgment of the Montana Eighteenth Judicial District Court, Gallatin County, denying his motion to suppress evidence seized from a motor vehicle pursuant to a search warrant. He asserts that the warrant application failed to state sufficient probable cause for the search and resulting seizure. We affirm.

¶3 From December 20, 2016 through January 20, 2017, the Bozeman Police Department received at least 65 complaints reporting various items stolen from vehicles around Bozeman. The majority reported that the thief or thieves gained entry into locked vehicles by using a window punch. The complaints reported a wide array of stolen items including, *inter alia*, a television, a snowboard, backpacks, ski clothing, tools, guns, sunglasses, credit cards, gift cards, cash, and a replica medieval battle ax. Based on information developed by Bozeman police including, *inter alia* the fruits of a search warrant executed on a 2000 Ford Explorer, owned by a neighbor but which Grandchamp had been driving, the State charged him with multiple counts of felony theft, criminal trespass to vehicles, and felony possession of dangerous drugs. After the District Court denied his motion to suppress the fruit of the search, Grandchamp pled guilty to two

felonies under a plea agreement that reserved his right to appeal the denial of the suppression motion. Upon sentencing,[1] he timely appealed.

¶4 In support of the suppression motion, Grandchamp asserted in District Court that the vehicle search violated his federal and state constitutional rights to be free from unreasonable searches and seizures because the warrant application was either facially insufficient to state the requisite probable cause, or would be upon required excision of materially false or misleading information. *Inter alia*, he asserted that the application was defective due to a materially false statement.[2] He further asserted that a key statement made to police by Grandchamp's sister (Tiffany) was not sufficiently corroborated and was thus invalid support for probable cause under the three-prong analysis for informant reliability in *State v. Reesman*, 2000 MT 243, ¶¶ 27-46, 301 Mont. 408, 10 P.3d 83, *overruled in part by State v. Barnaby*, 2006 MT 203, ¶ 42, 333 Mont. 220, 142 P.3d 809.

¶5 Upon an evidentiary hearing,[3] the District Court concluded that Grandchamp ultimately failed to meet his burden of proving that information in the warrant application

---

[1] The Court deviated from the plea agreement recommendation and sentenced Grandchamp to concurrent 10-year terms to the Department of Corrections with six years suspended.

[2] Grandchamp asserted that the affiant's statement that he saw through the vehicle window what appeared to be several items "consistent with" known stolen items "covered with several blankets to hide them from view, . . . from plain view through the [vehicle] window" was materially false because the items could not have been hidden as alleged if he actually saw them as asserted.

[3] The only evidence presented at the hearing was a copy of the vehicle warrant application and the State's presentation of testimony from the primary investigating officer and warrant application affiant, Bozeman Police Detective Robert Vanuka. Grandchamp included a photograph in or with his Reply Brief depicting the interior of the rear section of the subject vehicle.

3

was materially false or inaccurate.[4]  Further rejecting his assertion that the referenced information provided by his sister Tiffany was too unreliable to be a basis for probable cause under *Reesman*, the court again concluded that the application was facially sufficient under the totality of the stated circumstances to establish probable cause for the vehicle search and resulting seizure.[5]

¶6     We review denials of motions to suppress evidence for whether the lower court correctly interpreted or applied the law and whether any material findings of fact were clearly erroneous.  *State v. Massey*, 2016 MT 316, ¶ 7, 385 Mont. 460, 385 P.3d 544; *State v. Marks*, 2002 MT 255, ¶ 10, 312 Mont. 169, 59 P.3d 369.  Montana Constitution Article II, Section 11, and the Fourth and Fourteenth Amendments of the United States Constitution protect citizens against unreasonable searches and seizures.  Searches and seizures authorized by judicial warrant on probable cause of criminal activity are presumptively reasonable.  *See* Mont. Const. art. II, § 11; U.S. Const. amend. IV and XIV; *Walczyk v. Rio*, 496 F.3d 139, 155-56 (2d Cir. 2007).

¶7     The U.S. and Montana constitutional standards for issuance of search warrants on probable cause is whether, when viewed in a practical, common sense manner from the perspective of those versed in law enforcement, the facts stated on the face of the

---

[4] Construing it in the light most favorable to the warrant, the court read the subject statement to mean that the officer saw "an impression of" similar items under the blanket.

[5] The presiding District Court judge who drew the subsequent criminal case was the same judge who issued the ex parte vehicle warrant.

application are sufficient as a whole under the totality of the circumstances to establish a reasonable likelihood of illegal activity and that evidence, contraband, or persons connected with that activity may then be found in or about the specified person or place to be searched. *E.g., Barnaby*, ¶¶ 29-30; *State v. St. Marks*, 2002 MT 285, ¶¶ 18, 23, 312 Mont. 468, 59 P.3d 1113; *State v. Kaluza*, 272 Mont. 404, 407, 901 P.2d 107, 109 (1995); *State v. Rinehart*, 262 Mont. 204, 210-11, 864 P.2d 1219, 1222-23 (1993); *State v. Holstine*, 260 Mont. 310, 314, 860 P.2d 110, 113 (1993); *Illinois v. Gates*, 462 U.S. 213, 230-45, 103 S. Ct. 2317, 2328-35 (1983); *State ex rel. Townsend v. District Court*, 168 Mont. 357, 362-63, 543 P.2d 193, 196 (1975).[6]

¶8　　On appellate review, the sufficiency of a search warrant application is a question of law reviewed de novo for correctness under the totality of the circumstances indicated on the face of the application, liberally viewed as a whole in a practical, common sense manner from the perspective of those versed in the field of law enforcement, with every reasonable inference drawn in favor of the warrant. *Ornelas v. United States*, 517 U.S. 690, 694-700, 116 S. Ct. 1657, 1661-63 (1996); *Gates*, 462 U.S. at 230-45, 103 S. Ct. at 2328-35. *See also State v. Forfeiture of 2003 Chevrolet Pickup*, 2009 MT 25, ¶ 5, 349 Mont. 106, 202 P.3d 782 (application of constitutional standards to finite sets of facts is subject to

---

[6] *See also* § 46-5-221, MCA (1967 Mont. Laws ch. 196 as amended) (codifying federal constitutional standards).

5

de novo review); *State v. Kaufman*, 2002 MT 294, ¶¶ 11-12, 313 Mont. 1, 59 P.3d 1166.[7]

Judicial findings of probable cause for issuance of search warrants are presumed correct. *State v. Deskins*, 245 Mont. 158, 162, 799 P.2d 1070, 1072 (1990); *Franks v. Delaware*, 438 U.S. 154, 171, 98 S. Ct. 2674, 2685 (1978).

¶9    Here, the narrow issue on appeal is whether the application to search the subject vehicle was deficient pursuant to *Reesman* for failure to manifest independent police corroboration of Tiffany's statement to police, upon the arrest of her companion and Grandchamp associate (Figueroa) at their home, that various items of property at the home (similar to property stolen in Bozeman) belonged to Grandchamp.  In assessing the facial sufficiency of a warrant application, the apparent veracity, reliability, and basis of an informant's referenced knowledge are highly relevant in assessing whether sufficient probable cause exists for issuance of the requested warrant. *Rinehart*, 262 Mont. at 210, 864 P.2d at 1222; *Gates*, 462 U.S. at 230, 103 S. Ct. at 2328.  The apparent extent of independent police corroboration of referenced informant information is thus similarly important. *Barnaby*, ¶¶ 40-45; *Gates*, 462 U.S. at 241, 103 S. Ct. at 2334-35.  However, the totality of the circumstances test does not require conformance with any rigid rules for determining the veracity, reliability, or basis of informant information, or for independent police corroboration thereof. *Barnaby*, ¶¶ 40-46 (rejecting *Reesman*'s rigid informant

---

[7] *See also State v. Frasure*, 2004 MT 242, ¶ 15, 323 Mont. 1, 97 P.3d 1101; *St. Marks*, ¶¶ 14, 18 (clarifying seemingly inconsistent precedential references to "substantial basis" standard of review as "the same thing as" a conclusion of "sufficient probable cause"); *Marks*, ¶¶ 16-20; *United States v. Hicks*, 575 F.3d 130, 136 (1st Cir. 2009); *Velardi v. Walsh*, 40 F.3d 569, 574 (2d Cir. 1994); *United States v. Riedesel*, 987 F.2d 1383, 1391 (8th Cir. 1993).

information test); *Gates*, 462 U.S. at 229-44, 103 S. Ct. at 2328-36 (rejecting rigid *Aguilar-Spinelli* test for informat information).[8] Consequently, contrary to Grandchamp's assertion, the totality of the circumstances test did not necessarily require independent police corroboration of Tiffany's statement as a matter of course. *See Barnaby*, ¶¶ 40-46.

¶10 On its face, the search warrant application stated facts clearly showing, *inter alia*, that Tiffany was Grandchamp's sister, he and her companion (Figueroa) had recently pawned items from the Bozeman area thefts,[9] Figueroa asked Tiffany to unknowingly return a stolen shirt to a store for him when she was in Bozeman at Grandchamp's home, the store confirmed to police that an unidentified couple attempted to return the shirt for a refund as stated by Tiffany, police confirmed the property that Tiffany later disclaimed and said belonged to Grandchamp after her companion's arrest was similar to property stolen in one of the Bozeman thefts, and police saw property resembling the shape of some of the stolen Bozeman property concealed under a blanket in the back of the subject vehicle that

_____

[8] Purportedly within the framework of the totality of the circumstances test, *Reesman* mandated rigid rules for piece-by-piece assessment of informant information: (1) anonymous information may not contribute to probable cause absent independent police corroboration of that information; (2) confidential information may not contribute to probable cause absent an accompanying admission against criminal interest, a representation by police that the informant previously provided reliable information, or independent police corroboration; and (3) identified informant information may not contribute to probable cause unless independently corroborated by police or motivated solely by good citizenship and bearing sufficient indicia of knowledge of the subject criminal activity. *Reesman*, ¶¶ 28, 31-35. *Reesman* remains conversely vital from the standpoint that it continues to reflect circumstances under which a search warrant application may affirmatively demonstrate that various types of informant information are reliable bases for probable cause. *See Barnaby*, ¶¶ 44-45.

[9] Viewed in the light most favorable to the warrant, the application stated that this information derived from information developed upon investigation by another police detective.

Grandchamp had been driving and clandestinely parking away from his residence. Viewed in the light most favorable to the warrant, we hold that, under the totality of circumstances evident on its face, the application stated sufficient probable cause to believe that Grandchamp was involved in one or more of the Bozeman thefts and that evidence or contraband connected therewith was likely present in the subject vehicle.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12 Affirmed.

/S/ DIRK M. SANDEFUR

We concur:

/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE